UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINCOLN IMPORTS, LTD., INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2803 |
| | § | |
| SANTA'S BEST CRAFT, LTD., *et al.* | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the defendants, Santa's Best Craft, Ltd., Santa's Best Craft, L.L.C., Santa's Best, H.S. Craft Manufacturing Co., and Sears Roebuck & Co., to transfer venue to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1404(a). Dkt. 12. After considering the motion, the response and the applicable law, motion is DENIED.

### BACKGROUND

In August 2007, plaintiff Lincoln Imports Ltd. Inc. sued defendants Santa's Best Craft, Ltd., Santa's Best Craft, L.L.C., Santa's Best, H.S. Craft Manufacturing Co., and Sears Roebuck & Co. alleging patent infringement. Dkt 1. Jurisdiction is proper under 28 U.S.C. §1400 because this suit arises out of patent law. Plaintiff alleges that defendants infringed United States Reissue Patent No. 36,640, under which Lincoln holds all rights, title, and interest to certain designs for tree stands. *Id*. at 4. The defendants allegedly made, used, and sold Christmas trees with stands that incorporated the plaintiff's designs. *Id*.

On December 7, 2007, defendants filed a motion to transfer venue to the Northern District of Illinois, Eastern Division and plaintiff responded in opposition. Dkts. 12&17.

ANALYSIS

Defendants seek to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) for the convenience of witnesses and ease of document access.

**I.     Standard of Review**

Section 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the movant to show that "the considerations of convenience and justice weigh heavily in favor of a transfer." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). Whether the relevant factors weigh in favor of transfer is left to the discretion of the trial court. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

**II.    Analysis**

The court must engage in a two step inquiry when determining whether to transfer a case. First, it must determine if the judicial district sought by the movant is one in which the case could have originally been brought. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Second, the court must determine by balancing certain public and private factors whether the convenience of the parties and witnesses, and the interest of justice require that the case be tried elsewhere. *Id.*

    *A.     Venue under 28 U.S.C. § 1400(b)*

For the first step, the court looks to 28 U.S.C. § 1400 to determine whether the claim could have originally been brought in the district to which the movant seeks transfer. Any civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). All of the defendants, except H.S. Craft Manufacturing Company, have

2

regular and established places of business in the Northern District of Illinois. Thus, venue is proper as to those defendants in the Northern District of Illinois. H.S. Craft Manufacturing Company is an alien defendant. An alien may be sued in any district. 28 U.S.C. § 1391(d). Therefore, venue is also proper as to H.S. Craft Manufacturing Company in the Northern District of Illinois. Accordingly, venue is proper as to all defendants in the Northern District of Illinois.

### B. *Balancing of Interest Factors*

The second step requires a lengthier analysis. This step includes two sets of factors the court must consider: private and public interest factors. *In re Volkswagen AG*, 371 F.3d at 203. None of the factors is given dispositive weight. *Id.* The private interest factors consist of:

1) the relative ease of access to sources of proof;
2) the availability of compulsory process to secure the attendance of witnesses;
3) the cost of attendance for willing witnesses;
4) all other practical problems that make trial of a case easy, expeditious and inexpensive; and
5) the plaintiff's choice of forum.

*Id.*; *In re Horseshoe Entm't*, 337 F.3d at 434. The public interest factors consist of:

1) the administrative difficulties flowing from court congestion;
2) the local interest in having localized interests decided at home;
3) the familiarity of the forum with the law that will govern the case;
4) the avoidance of unnecessary problems of conflict of laws; and
5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*In re Volkswagen AG*, 371 F.3d at 203; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 258 (1981).

#### 1. Private Interest Factors

##### a. *Relative Ease of Access to Sources of Proof*

The first factor looks at the relative ease of access to sources of proof. The defendants argue that the majority of documentation resides in Illinois and the remainder in California, not Texas.

3

Dkt. 12 at 2-3. The plaintiff counters that the only records specifically identified by defendants have essentially already been electronically produced because defendants electronically filed them as attachments to their motion. Dkt 17 at 8. Further, plaintiff points out that defendants have not identified how the records would be inconvenient to access from Houston. *Id.* While the defendants have pointed to the location of the sources of proof to show inconvenience, they have not given the court any reason why the access would be restricted or inconvenient while litigating in Texas versus Illinois, especially in light of today's technology. Without that explanation, the court would be required to speculate. Therefore, the court finds this factor to be neutral.

### b. Availability and Cost of Witnesses

The factors regarding witnesses, which have been combined here, are often considered the most important factors in determining whether to transfer a case. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex. 1994). The defendants argue that the witnesses for the case all reside within the subpoena radius of the Northern District of Illinois. Therefore, the Northern District of Illinois has the ability to compel the attendance of the majority of the defendants' witnesses. Further, for the same reason, the defendants urge that the costs regarding attendance of willing witnesses weighs in favor of transfer. Dkt 12 at 5. However, they have not identified any witnesses, voluntary or involuntary, that they intend to call nor have they identified the substance of any witness testimony. "[M]ovants for transfer must specifically identify key witnesses and outline the substance of their testimony." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). Thus, the court determines that the movants have not met their burden and finds this factor also to be neutral.

### c. *All Other Practical Problems (Catch-all)*

Movants have offered no argument in this category so, the court finds this factor to be neutral as well.

### d. *Plaintiff's Choice of Forum*

The court should consider the plaintiff's choice of forum, but that choice is not determinative. *In re Horseshoe Entm't*, 337 F.3d at 434. Lincoln Imports is a California corporation with its principal place of business in California. Dkt 17 at 3. Lincoln maintains an office in Dallas, Texas, but it has no ties to the Southern District of Texas. *Id*. Therefore, Lincoln's choice of Houston for venue weighs only slightly against transfer.

### 2. Public Interest Factors

### a. *Administrative Difficulties flowing from Court Congestion*

The defendants have not briefed the court on this matter, but statistics show the Southern District of Texas to be the marginally quicker venue. *See* Fed. Court Mgmt. Statistics, Judicial Caseload Profile: District Courts (2007), *available at* http://www.uscourts.gov/cgi-bin/cmsd2007.pl. The average time from filing to trial in the Southern District of Texas is 20.3 months. *Id*. In the Northern District of Illinois, filing to trial averaged 29.7 months. *Id*. Therefore, this factor weighs against transfer.

### b. *Local Interests in Having Localized Interest Decided at Home*

Defendants allege Illinois has a "very vested interest in the activity of all its citizens." Dkt 12 at 5. Plaintiff counters that patent infringement is not a localized dispute and residents of the Southern District of Texas have at least the same interest as those in the Northern District of Illinois.

Dkt. 17 at 9. The Defendants have not shown that the local interests of Illinois are any greater than those of Texas. Therefore, this factor is neutral.

### *c. Forum Governing Law and Conflicts*

The instant case arises under federal patent law. Both courts are equally familiar with patent law. Furthermore, because both federal courts are applying the same law, there is no issue of a conflict of laws. Accordingly, this factor is neutral as well.

### *d. Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty*

The defendant has not briefed the court on this matter. The plaintiff has requested a jury trial, making this factor relevant. Texas residents have an interest in seeing that a corporation, doing business in Texas, does not infringe upon another's intellectual property rights. On the other hand, Illinois residents have an interest in hearing disputes arising from activities conducted by corporations domiciled in Illinois. Because these interests have equal weight, this factor is also neutral.

## CONCLUSION

In a motion to transfer, the movant bears the burden to show the court that "the considerations of convenience and justice weigh heavily in favor of a transfer." *Time, Inc.*, 366 F.2d at 698. The court is bound to follow the factors where they lead. There were no factors for transfer. Two factors weighed against it, one slightly. Six factors were neutral, tilting the scale neither toward nor away from transfer. Since the defendants bear the burden of demonstrating that the factors weigh heavily in favor of transfer, neutral factors weigh against transfer. Therefore, all factors weigh against transfer. In this case, the defendants have failed to carry their burden to show that the private

and public interest factors weigh in favor of transfer. After considering the public and private factors, the defendants' motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 16, 2008.

Gray H. Miller
United States District Judge