UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINCOLN IMPORTS, LTD., INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2803 |
| | § | |
| SANTA'S BEST CRAFT, LTD., *et al.* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is the motion of the defendants, Santa's Best Craft, Ltd., Santa's Best Craft, L.L.C., Santa's Best, H.S. Craft Manufacturing Co., and Sears Roebuck & Co., to dismiss plaintiff Lincoln Imports, Ltd., Inc.'s complaint for lack of standing. Dkt. 36. After considering the motion, the response, and the applicable law, defendants' motion is DENIED.

### I. BACKGROUND

This is a patent infringement lawsuit brought in this court pursuant to the district courts' original jurisdiction over claims arising under patent law. 28 U.S.C. § 1338(a). Lincoln Imports seeks damages for defendants' alleged infringement of United States Reissue Patent No. 36,640 ("the '640 Patent"), under which Lincoln holds all rights, title, and interest to certain collapsible tree stands. The alleged infringement arises out of claims that the defendants made, used, and sold Christmas trees with stands that fall within the plaintiff's patent claims.

### II. ANALYSIS

Defendants move to dismiss Lincoln Imports' complaint, asserting that Lincoln Imports was never assigned the '640 Patent and therefore has no standing to sue for infringement of that patent.

    A.    *Standard of Review*

Standing "determines the court's fundamental power to hear [a] suit." *Rivera v. Wyeth-*

*Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002). To meet the Constitutional requirements, a plaintiff must show a personal injury which is traceable to the defendant's conduct and likely to be remedied by a favorable outcome. *Donelan v. La. Div. of Admin. Law ex rel. Wise*, 522 F.3d 564, 566 (5th Cir. 2008). In the context of patent infringement suits, an assignment of all patent rights will confer constitutional standing on the assignee to sue for infringement. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). Federal patent law requires that patent assignments be in writing. 35 U.S.C. § 261.

    *B.*    *Analysis*

Defendants maintain that the document produced by Lincoln as written proof of the '640 Patent assignment does not, in fact, assign the '640 Patent; rather, they assert that it assigns "a different patent, a design patent." Dkt. 36. This assertion is based primarily on the fact that the '640 Patent assignment agreement makes reference at several points to a design patent. Because the '640 Patent is a utility patent, not a design patent, defendants argue that the assignment covers a different patent. Dkt. 36, Ex. C. Defendants contend that Lincoln thus has no legal title to the '640 Patent and no standing to sue. Dkt. 36. Lincoln admits that the assignment form does refer to a design patent, but describes this as a typographical error and claims that the particularized identifying information in the form is sufficient to render the assignment clear and unambiguous. Dkt. 38. According to Lincoln, the assignment "correctly describe[s] the original application for the '640 Patent by referencing both of the co-inventors' names, the exact title of the invention, and the date that the [patent] application was executed. Dkt. 38.

Patent regulations require that an assignment of a patent application which is executed before the application is filed, as is the case here, identify the application by including the name of each inventor and the title of the invention "so that there can be no mistake as to the patent application intended." 37 C.F.R. § 3.21. The assignment agreement at issue complies with this requirement,

identifying the patent application clearly by including the names of the inventors, the title of the invention, and a statement that the agreement is executed on the same date as the patent application. Dkt. 38. Ex. 7. The defendants' claim that the assignment is for a different patent based on the language of the form simply does not withstand scrutiny of the patent documents themselves. An examination of the patent application, a description of the collapsible Christmas tree stand, the contested assignment agreement, and the '640 Patent itself reveals that they all share the same attorney's docket number (1624L), serial number (015,542), execution date (February 3, 1993), or a combination thereof. Dkt. 38, Ex. 8, Ex. 7, Ex. 1. Therefore, the court finds that the assignment unambiguously assigns the '640 Patent to Lincoln Imports. Accordingly, Lincoln Imports has standing to sue and the defendants' motion to dismiss for lack of standing is DENIED.

### III. Conclusion

Pending before the court is the motion of the defendants, Santa's Best Craft, Ltd., Santa's Best Craft, L.L.C., Santa's Best, H.S. Craft Manufacturing Co., and Sears Roebuck & Co., to dismiss. For the foregoing reasons, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 14, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY